United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40144
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ERNESTO ESCOVAL-ESPINOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1373-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Ernesto Escoval-Espinoza appeals from his guilty-plea conviction for reentry of a deported alien, in violation of 8 U.S.C. § 1326. Escoval-Espinoza argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory guidelines scheme held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). He also argues that the district court erroneously determined that a prior state conviction was for a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court sentenced Escoval-Espinoza under a mandatory guidelines regime, it committed error. See United States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The Government concedes that Escoval-Espinoza's objection below preserved his claim. We cannot affirm the erroneous sentence unless the Government shows that the error is harmless beyond a reasonable doubt. See United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005). We conclude that the Government has not met its burden. See United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005). We therefore VACATE Escoval-Espinoza's sentence and REMAND for re-sentencing. Accordingly, we need not address Escoval-Espinoza's other claimed sentencing error. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Escoval-Espinoza also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Escoval-Espinoza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Escoval-Espinoza properly

concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Escoval-Espinoza's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.